## In re Anonymous No. 131 D.B. 90

Disciplinary Board Docket no. 131 D.B. 90.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

FRIEDMAN, *Vice-Chairman,* November 23, 1993— Pursuant to order of the Supreme Court of Pennsylvania dated August 5, 1993 the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court.

## I. HISTORY OF PROCEEDINGS

On September 10, 1992 your honorable court entered an order suspending respondent for a period of six months to be followed by a 12 month period of probation. Respondent was further ordered to select a practice monitor subject to the approval of the Office of Disciplinary Counsel and was further ordered to comply with the provisions of Rule 217, Pa.R.D.E. and to pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

On January 15, 1993 Office of Disciplinary Counsel filed a petition with your honorable court for a rule to show cause why respondent should not be held in contempt. Petitioner alleged that respondent had not complied with your honorable court's order dated September 10, 1992 in that respondent had not complied with the provisions of Rule 217, Pa.R.D.E. and 208(g), Pa.R.D.E.

On June 18, 1993 your honorable court issued a rule upon respondent to show cause why he should not be held in contempt. Respondent did not file a response to your honorable court's rule to show cause.

On August 5, 1993 your honorable court issued an order directing that the rule be made absolute and further referred the matter to the board for a hearing to recommend the appropriate sanction. A hearing was held before a panel of the board on October 7, 1993. The matter was adjudicated at the October 15, 1993 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

The board submits the following findings of fact supported by documentary and testimonial evidence incorporated into the record:

(1) Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ], was born in 1945. In 1974 he was admitted to practice law in the Commonwealth of Pennsylvania.

(3) On September 10, 1992 the Supreme Court of Pennsylvania issued an order suspending respondent from the bar of this Commonwealth for a period of six months to be followed by a 12 month period of probation. Respondent was further ordered to select a practice monitor subject to the approval of the Office of Disciplinary Counsel. Respondent was further directed to comply with the provisions of Rule 217, Pa.R.D.E. and to pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

(4) The effective date of the September 10, 1992 order suspending respondent for six months was October 10, 1992.

(5) By October 10, 1992 respondent should have complied with Rule 208(g), Pa.R.D.E. requiring payment of the expenses taxed and Rule 217(a-c), requiring notification of the suspension to litigation and non-litigation clients, attorneys for the adverse parties and others to whom a fiduciary duty was owed.

(6) By October 20, 1992 respondent should have complied with Rule 217(e), requiring the filing with the board of a verified statement showing that he had complied with the provisions of the order and the rules.

(7) By letter dated September 15, 1992, from [A], secretary to the Disciplinary Board, respondent was supplied with the pertinent documentation for his guidance, information, and compliance with your honorable court's September 10, 1992 order.

(8) When respondent did not comply, [A], secretary to the Disciplinary Board, wrote to respondent on Oc-

tober 22, 1992 referring him to her previous letter and to the requirements of Rules 217 and 208, Pa.R.D.E.

(9) On June 18, 1993 your honorable court issued a rule to show cause upon respondent to show cause why he should not be held in contempt for failure to comply with the court's order entered on November 10, 1992.

(10) On August 5, 1993 your honorable court issued an order directing that the rule be made absolute and referring the matter to the Disciplinary Board for hearing to recommend the appropriate sanction.

(11) Respondent acknowledged receiving correspondence from [A], secretary to the Disciplinary Board, and admitted not responding to that correspondence.

(12) Respondent admitted not having complied with your honorable court's order of September 10, 1992 nor with the requirements of Rules 217 and 208, Pa.R.D.E.

(13) Respondent admitted that he filed no response to petitioner's petition to hold him in contempt nor did he respond to this court's rule to show cause.

(14) Respondent could give no reason for his failure to comply with the requirements of Rules 217 and 208, Pa.R.D.E. nor did he have any reason for not responding to the petitioner's petition nor the rule to show cause.

(15) Respondent did notify his clients of his suspension and furthermore has not practiced law since the effective date of his suspension, October 10, 1992.

(16) Respondent presented the testimony of [B], Esquire who indicated a willingness to act as respondent's practice monitor.

## III. DISCUSSION

Respondent was originally suspended by your honorable court for a period of six months for a number of violations of the Rules of Professional Conduct. Respondent was found to have failed to diligently pursue his clients' interests and for having failed to keep them informed as to the status of their cases. He was also found to have failed to promptly return their property and files in a timely manner and to have failed to execute a written fee agreement. He also did not inform his clients that he had taken inactive status and misappropriated client funds. In its report, the board noted the respondent's psychological and substance abuse problems as well as his rehabilitative efforts. Based upon those mitigating factors and the nature of the respondent's conduct, the board recommended a six month suspension and a consecutive 12 month period of probation. Your honorable court accepted the board's recommendation.

Although the respondent complied with the suspension he failed to file with the board a verified statement showing that he had complied with the provisions of the order pursuant to Rule 217(e), Pa.R.D.E. He furthermore failed to pay the necessary expenses as required by Rule 208(g), Pa.R.D.E. The board is troubled by his failure to comply with the rules but is especially concerned with his failure to respond to the secretary's correspondence and the rule to show cause entered by your honorable court. Respondent could give no explanation for his neglect.

The principal function of the disciplinary system is to determine the fitness of an attorney to continue the practice of law. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). The respondent's neglect of these matters raises a serious ques-

tion as to his continued fitness to practice. The board is therefore of the view that respondent should be suspended for one year and one day and therefore be required to petition for reinstatement. Rule 218, Pa.R.D.E. At that time respondent will of course be required to demonstrate that he has the moral qualifications, competency and learning in the law required to resume the practice of law. Rule 218(3)(i), Pa.R.D.E. The board further recommends that respondent be placed on probation for a period of one year consecutive to his suspension.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be suspended for a period of one year and one day effective October 10, 1992 to be followed by a consecutive one year period of probation. The board further recommends that the respondent be required to select a practice monitor subject to the approval of the Office of Disciplinary Counsel. The practice monitor shall do the following during the period of respondent's period of probation:

(A) Periodically examine respondent's office and escrow accounts, clients' ledgers, and other financial records to ensure that the respondent has appropriately maintained such records and is aware of the proper manner of handling funds and keeping appropriate records pertaining thereto;

(B) Periodically, but not less than once every 60 days, examine the respondent's financial records to ensure continued compliance with proper handling of funds and maintenance of appropriate records;

(C) Periodically examine the respondent's law office organization and procedures to ensure that the respondent is maintaining an acceptable tickler system, filing

system, and other administrative aspects of the respondent's practice;

(D) Meet with the respondent at least monthly to examine respondent's progress towards satisfactory and timely completion of clients' legal matters;

(E) File with the secretary of the board and the Office of Disciplinary Counsel quarterly written reports that the above conditions have 'been met; and

(F) Immediately report to the secretary of the board any violation by the respondent of the terms and conditions of probation.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Pa.R.D.E. 208(g).

Mssrs. Schiller and Leonard did not participate.

## ORDER

And now, April 28, 1994, upon consideration of the report and recommendations of the Disciplinary Board dated November 23, 1993, it is hereby ordered that [respondent], be and he is suspended from the bar of this Commonwealth for a period of one year and one day commencing April 10, 1993, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket no. 94 R1800, due to the unavailability of Mr. Justice Rolf Larsen, see no. 127 Judicial Administration Docket no. 1, filed October 28, 1993.